```
                                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                                          AT ROANOKE, VA
                                                                               FILED
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF VIRGINIA                          SEP 29 2006
                     ROANOKE DIVISION
                                                                      JOHN F. CORCORAN, CLERK
                                                                      BY:
DON JUAN TORRES,                         )                                   DEPUTY CLERK
       Plaintiff,                        )    Civil Action No. 7:06CV00576
                                         )
v.                                       )    MEMORANDUM OPINION
                                         )
R. O'QUINN, et al.,                      )    By: Hon. Glen E. Conrad
       Defendants.                       )    United States District Judge
```

Plaintiff Don Juan Torres, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against R. O'Quinn, D. Tate, and D. Muncy. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[*]

## Background

The plaintiff is presently incarcerated at Red Onion State Prison. He alleges that the defendants violated his Eighth Amendment rights by failing to repair his nightlight in a timely fashion. Specifically, the plaintiff alleges that in the beginning of July, his nightlight began "emitting a bright flashing light," which created a "strobe light" effect. Although the plaintiff voiced complaints about the nightlight, the problem lasted a total of eighteen days before it was corrected. During that period, the plaintiff allegedly suffered from "sleep deprivation," "disorientation," "emotional distress," and "mental anguish."

Exhibits submitted with the plaintiff's complaint indicate that on July 12, 2006, the plaintiff filed an emergency grievance alleging that his nightlight had been blinking for six days, and that it

---

[*]Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

was causing "mental stress." That same day, D. Tate determined that the grievance did not qualify as an emergency. Nonetheless, a copy of the emergency grievance was forwarded to the maintenance department, which is supervised by R. O'Quinn. Upon receiving Tate's response, the plaintiff also wrote a letter to D. Muncy, the Regional Ombudsman, which was received on July 17, 2006. The plaintiff advised Muncy that he could not "sleep well at night" because of the flashing nightlight, and that it was causing him "mental stress." It appears that the problem was corrected approximately three days later.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, a prisoner is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Id. at 1379. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v.

Brennan, 511 U.S. 825, 837 (1994).

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. The court does not doubt that the flashing light was distracting and unpleasant. However, the plaintiff's eighteen-day exposure to the light was not the type of "extreme" deprivation that rises to the level of a constitutional violation. The plaintiff's assertion that he suffered "mental anguish" and "emotional distress" during that period is simply insufficient to satisfy the Eighth Amendment's objective component. As the United States Court of Appeals for the Fourth Circuit explained in Mickle v. Moore, 174 F.3d 464, 472 (4th Cir. 1999), "[d]epression and anxiety are unfortunate concomitants of incarceration; they do not however, typically constitute the 'extreme deprivations ... required to make out a conditions-of-confinement claim.'" (quoting Hudson v. McMillian, 503 U.S. 1, 8-9 (1992)). Additionally, the plaintiff has failed to allege facts sufficient to establish that the defendants knew of and disregarded an "excessive risk" to his health or safety. Farmer, 511 U.S. at 837.

For the reasons stated, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. Thus, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 29th day of September, 2006.

_____
United States District Judge

3